99 F.3d 448
 321 U.S.App.D.C. 309
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
Aaron D. MARTIN, Appellant,
v.
WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY, et al., Appellees.
 No. 95-7009.
 United States Court of Appeals, District of Columbia Circuit.
 Sept. 23, 1996.
Rehearing and Suggestion for Rehearing In Banc Denied Nov. 26, 1996.
 
 Before: GINSBURG, RANDOLPH, and TATEL, Circuit Judges.
 
 Judgment
 
 1
 This appeal was considered on the record from the United States District Court for the District of Columbia and the briefs and arguments of counsel. The court is satisfied that appropriate disposition of this case does not call for further opinion. See D.C.Cir.Rule 36(b).
 
 
 2
 For the reasons in the attached memorandum, it is
 
 
 3
 ORDERED and ADJUDGED that the judgment from which this appeal has been taken be AFFIRMED.
 
 
 4
 The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir.Rule 41(a)(2). This instruction to the Clerk is without prejudice to the right of any party at any time to move for expedited issuance of the mandate for good cause shown.
 
 ATTACHMENT
 MEMORANDUM
 
 5
 The appellant, Aaron D. Martin, pursued a grievance against his former employer, the Washington Metropolitan Area Transit Authority, contesting his termination for cause. Pursuant to the grievance and arbitration procedures set forth in the collective bargaining agreement between WMATA and Amalgamated Transit Union Local 689, the Union tried to get WMATA to reinstate Martin. When WMATA rejected the grievance, the Union decided against seeking arbitration.
 
 
 6
 As counsel conceded at oral argument, the record does not reveal that Martin ever asked WMATA to arbitrate his claim or to grant him a post-termination hearing of any kind. Instead Martin filed this action in federal district court seeking reinstatement and money damages from WMATA, two of its supervisors, the Union, and two union officers. Martin's action is based upon the theory that the Due Process Clause of the Fifth Amendment to the Constitution of the United States prevents a public employer, such as WMATA, from depriving an employee of his property interest in continued employment without giving him a post-deprivation hearing.
 
 
 7
 We have no occasion to address Martin's constitutional claim. Martin's failure to seek relief directly from WMATA precludes him from arguing now that WMATA is constitutionally obligated to afford him access to a post-termination hearing at his request. Never having sought any process based upon the Constitution rather than upon the collective bargaining agreement, Martin lacks standing to raise his constitutional claim. Cf. Steffan v. Perry, 41 F.3d 677, 697-98 (D.C.Cir.1994) (midshipman lacks standing to challenge Department of Defense regulation purportedly authorizing discharge of midshipmen who had homosexual desires but had not engaged in homosexual conduct because plaintiff did not claim that he had not engaged in homosexual conduct).
 
 
 8
 Because Martin did not seek a post-termination hearing from WMATA, we cannot know whether WMATA would have refused Martin's request if WMATA had been asked. There is nothing in the record indicating that Martin was precluded from asking WMATA for a post-termination hearing. Nor has Martin alleged that it would have been futile to do so. Cf. UDC Chairs Chapter, Am. Ass'n. of Univ. Professors v. Bd. of Trustees, 56 F.3d 1469, 1475-76 (D.C.Cir.1995) (public employees barred from alleging that university violated their contract when employees failed to seek relief from university or to show that such a request would be futile).
 
 
 9
 Although the defendants in this case have not relied upon Martin's failure to seek relief directly from WMATA, two fundamental principles compel the court independently to consider that aspect of the case. First, under the principle of avoidance, the court will not address a constitutional issue unless doing so is necessary to the disposition of the case before it. See Karriem v. Barry, 743 F.2d 30, 38-39 (D.C.Cir.1984); Ashwander v. Tennessee Valley Auth., 297 U.S. 288, 345-48 (1936) (Brandeis, J., concurring). "When a federal court is asked to answer a constitutional question, basic tenets of judicial restraint and separation of powers call upon it first to consider alternative grounds for resolution." Lamprecht v. FCC, 958 F.2d 382, 389-90 (D.C.Cir.1992). Second, because the court lacks jurisdiction if the appellant does not have standing to pursue his complaint, we are obliged independently to raise and consider the issue of standing. See FW/PBS Inc. v. Dallas, 493 U.S. 215, 230-31 (1990).